NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DARION EDWARDS,

       Plaintiff-Appellant,

v.

ALAMEDA-CONTRA COSTA TRANSIT
DISTRICT, a California public transit
authority; SALVADOR LLAMAS,

       Defendants-Appellees.

No.   20-16173

D.C. No. 3:15-cv-05778-VC

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted July 16, 2021**
San Francisco, California

Before: RAWLINSON and CALLAHAN, Circuit Judges, and S. MURPHY,***
District Judge.

      Fourteen months ago, this panel vacated a sanctions order against Appellant

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    \*\*\*   The Honorable Stephen J. Murphy III, United States District Judge for the Eastern District of Michigan, sitting by designation.

Darion Edwards's attorney, Mr. Na'il Benjamin, and remanded for further proceedings. *Edwards v. Alameda-Contra Costa Transit Dist.*, 796 F. App'x 461 (9th Cir. 2020) (mem.). We ordered the district court to "reconsider whether Mr. Benjamin's conduct warranted" sanctions. *Id.* at 462. If so, we then directed the district court to explicitly find whether Mr. Benjamin "acted recklessly or in bad faith." *Id.*

Appellant now challenges the district court's second order for sanctions against Mr. Benjamin. In the second order, the district court found "explicitly what was implicit" in the first sanctions order: Mr. Benjamin "acted recklessly and in bad faith in his representation of Mr. Edwards following entry of judgment and specifically in his handling of the defendants' efforts to obtain costs." The district court imposed a sanction of $805 under its inherent authority and 28 U.S.C. § 1927. The amount "represent[ed] the fees defense counsel reasonably incurred in preparing for [a] case management conference."

In the first order, the district court explained that Mr. Benjamin failed to follow court orders and failed to keep his client adequately informed of the post-trial proceedings. Mr. Benjamin did not respond to the defendants' motion to garnish his client's wages, and neither Mr. Benjamin nor his client appeared at a case management conference for the garnishment motion, despite the court ordering both to appear. The district court also found Mr. Benjamin's "sole

2

explanation for his conduct" was "not credible" because Mr. Benjamin never moved to withdraw as counsel. And Mr. Benjamin admitted that he had received the court's orders through electronic notifications, but he decided not to review the orders because he had not agreed to represent his client in any post-judgment proceedings.

We review the district court's sanctions order for abuse of discretion. *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997) (citations omitted). "Before awarding sanctions under its inherent powers . . . the court must make an *explicit* finding that counsel's conduct 'constituted or was tantamount to bad faith.'" *Id.* (emphasis added) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980)). And sanctions under 28 U.S.C. § 1927 require a finding that the sanctioned attorney "acted recklessly or in bad faith." *Barnd v. City of Tacoma*, 664 F.2d 1339, 1343 (9th Cir. 1982).

First, the district court had ancillary jurisdiction to enter the sanctions order because Appellees had sought to enforce the judgment against Appellant through a garnishment motion. *Peacock v. Thomas*, 516 U.S. 349, 356 (1996) ("We have reserved the use of ancillary jurisdiction in subsequent proceedings for the exercise of a federal court's inherent power to enforce its judgments."). A garnishment motion is a proceeding under the Court's ancillary jurisdiction. *Id.* Thus, Mr. Benjamin's argument that the district court lacked jurisdiction after it entered

3

judgment is meritless.

Next, Mr. Benjamin had more than enough notice of the post-judgment proceedings. For one, Mr. Benjamin, as an attorney, knows the district court may exercise ancillary jurisdiction to enforce a judgment, like an adjudication of Appellee's bill of costs. *See* N.D. Cal. L.R. 54-1(a) ("No later than 14 days after entry of judgment . . ., a prevailing party . . . must serve and file a bill of costs."). Once Appellee filed the bill of costs, Mr. Benjamin had fourteen days to object to "any item of cost claimed in the bill." N.D. Cal. L.R. 54-2(a). Mr. Benjamin received the district court's electronic notifications about the bill of costs and the garnishment motion, but he declined to review them. Local rules mandate that Mr. Benjamin's duty to his client and the district court does not end until he notifies the court that he withdraws from the case and the court approves the withdrawal. *See* N.D. Cal. L.R. 11-5(a) ("Counsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case."). In sum, Mr. Benjamin still owed a duty to his client and had more than enough notice about the post-judgment proceedings, but chose to ignore the proceedings.

As for the sanctions award, the district court made the necessary finding of bad faith to sanction Mr. Benjamin under its inherent authority and 28 U.S.C. § 1927. *Batarse*, 115 F.3d at 648; *Barnd*, 664 F.2d at 1343. Based on our review

4

of the record, we determine that the district court's findings were not a clear factual error and thus the district court did not abuse its discretion. Moreover, the district court's sanction of $805 reasonably compensates Appellee for its legal fees and costs due to Mr. Benjamin's behavior. *See Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017).

The district court's sanction order is AFFIRMED.